UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-30126-MAP

| | |
|---|---|
| DERRICK ALTMAN,<br>        Plaintiff | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| NORTH ADAMS POLICE DEPARTMENT, | ) |
| PATROLMAN, ERIC A. THOMAS, in his official | ) |
| and individual capacities, PATROLMAN, | ) |
| MARK BAILEY, in his official and individual | ) |
| capacities, SUPERVISOR, STEVEN DEANE, | ) |
| in his official and individual capacities, | ) |
| COMMISSIONER OF PUBLIC SAFETY, | ) |
| E. JOHN MOROCCO, in his official and individual | ) |
| capacities, DIRECTOR OF POLICE SERVICES, | ) |
| MICHAEL COZZAGLIO, in his official and | ) |
| individual capacities, and | ) |
| MAYOR, JOHN BARRETT, in his official and | ) |
| individual capacities, | ) |
|         Defendants | ) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37

NOW COME the defendants, North Adams Police Department,[1] Patrolman Eric A. Thomas, Patrolman Mark Bailey, Supervisor, Steven Deane, Commissioner of Public Safety E. John Morocco, Director of Police Services, Michael Cozzaglio, and Mayor John Barrett ("defendants"), and hereby submit this Memorandum of Law in Support of their Motion for Sanctions Pursuant to Fed. R. Civ. P. 37.   As grounds therefore and in support thereof, the defendants state as follows:

---

[1] The named defendant notes that, as stated by the Court, at the status conference held on December 3, 2009, it is not a proper party to the above-captioned matter and that the City of North Adams must be deemed to be the defendant herein. See *Murphy v. Town of Natick*, 516 F. Supp. 2d 153, 158 (D. Mass. 2007); *Curran v. City of Boston*, 770 F. Supp. 116, 120 (D. Mass. 1991) (holding that the Boston Police Department was a "non person" and, as such "not a suitable entity"). See also, *Henschel v. Worcester Police Dept.*, 445 F.2d 624 (1st Cir. 1971).

## PROCEDURAL POSTURE

This summary procedural posture is provided for the Court's ease of reference. Further events are discussed in defendants' argument, as appropriate.

This action was originally filed on June 12, 2008. See Docket No. 1. On June 30, 2008, prior to service of process upon the then sole defendant, North Adams Police Department, plaintiff filed his first amended complaint. See Docket No. 5. On April 13, 2009, defendant's unopposed motion to stay pending the outcome of the criminal prosecution of plaintiff was allowed and a procedural order of dismissal issued. See Docket No. 28. Plaintiff's motion to reopen the case was allowed on November 10, 2009 and the case was returned to the docket. See Endorsed Order, November 10, 2009. Following a scheduling order which entered on December 3, 2009, the then parties engaged in written discovery. See Docket No. 39.

On or about March 11, 2010, the then sole defendant, North Adams Police Department, served its answers to plaintiff's interrogatories and responses to plaintiff's requests for admissions and requests for production of documents. On or about April 9, 2010, plaintiff served his answers to defendant, North Adams Police Department's, interrogatories and responses to defendant's requests for admissions and requests for production of documents.

On March 31, 2010 this Court, over defendant's objection, allowed plaintiff's motion to amend his complaint to, *inter alia*, add Eric A. Thomas, E. John Morocco, Michael Cozzaglio, Mark Bailey, Steven Deane, and John Barrett as defendants in this matter. On or about April 19, 2010 plaintiff served a copy of the amended complaint upon defendants via first-class mail.

On or about April 26, 2010, plaintiff served interrogatories, requests for production of documents and requests for admissions upon one individual defendant, Patrolman, Eric A. Thomas. Defendants then moved for a protective order on the grounds that defendant Thomas

had not received service of process and that under the scheduling order then in effect plaintiff's discovery requests were untimely.  Defendants' motion also requested that a further scheduling conference be held.  That motion was denied on June 9, 2010.  See Electronic Order, June 9, 2010.  On or about June 14, 2010, plaintiff served the remaining individual defendants with written discovery.

Thereafter, at a status conference held in open Court on July 22, 2010, this Court (Neiman, J.) ordered the individual defendants not to respond to any of the above-referenced discovery requests.  Following the proceedings held on July 22, 2010 an order issued staying discovery pending further hearing on August 25, 2010.  See Electronic Clerk's Notes, July 22, 2010.

On August 25, 2010 counsel for the parties appeared for a status conference.  First, the appearance of plaintiff's counsel (who had accompanied plaintiff on July 22, 2010 but was not admitted to practice before this Court) was entered for the first time.  The status of discovery was discussed.  It is defendants' understanding that at that time the discovery previously served on the individual defendants was withdrawn based upon plaintiff's retention of counsel and plaintiff's intention to file a motion to further amend his complaint.  Confirming this, the Court's Further Revised Scheduling Order allowed plaintiff to file a motion to further amend his complaint by September 8, 2010 and ordered "all remaining written disc served by 10/8/10…." See Docket No. 91.

On September 8, 2010, plaintiff filed an amended complaint.  On September 14, 2010 the Court struck plaintiff's further amended complaint:

> Plaintiff having failed to file a motion to amend in accord with the Court's August 25, 2010 Further Revised Scheduling Order (Document No. 91) and, in turn, having failed to comply with Local Rule 7.1 (a)(2).  That Rule required the motion to be accompanied by a certification that the parties "have conferred and

have attempted in good faith to resolve or narrow the issue," which was the very purpose of allowing Plaintiff to seek to amend his complaint in the first place.

Electronic Order, September 14, 2010.

Pursuant to the Further Revised Scheduling Order, on October 8, 2010 each of the above referenced individual defendants served their first sets of interrogatories and document requests to plaintiff.  See interrogatories and document request attached hereto as Exhibit A.  On or about November 11, 2010, counsel for plaintiff requested an extension of time in which to serve plaintiff's discovery responses.  Counsel for defendant refused based upon the deadlines set forth in the Further Revised Scheduling Order but suggested that plaintiff file a motion for an extension of time on or before November 18, 2010.  See Email from David S. Lawless, Esq. to Jonathan Messinger, Esq., November 11, 2010, attached hereto as Exhibit A.  Additionally, plaintiff's deposition was originally noticed to be taken on November 18, 2010.  In light of plaintiff's failure to make discovery, that deposition was postponed and is now barred by the Further Revised Scheduling Order.

Having received neither a motion for an extension of time nor plaintiff's discovery responses, defendants filed their motion to compel on December 3, 2010.  On December 19, 2010, the Court allowed defendants' unopposed motion to compel and ordered plaintiff to respond to defendants' interrogatories and requests for production of documents no later than December 28, 2010.  On or about December 28, 2010, plaintiff served defendants' with a single document styled "Documents Produced," attached hereto as Exhibit B, to which no documents were attached.  Discovery in this matter closed on December 30, 2010.  Defendants' motion for summary judgment is due to be filed on January 21, 2011.  In the Further Revised Scheduling Order, the Court ordered that "There shall be no further extensions."  See Docket No. 91.

Plaintiff propounded no discovery between August 25, 2010 and October 8, 2010.  Nor

did plaintiff serve defendants with any notice that he intended to rely on or renew the written discovery previously served upon defendants.

## STANDARD OF REVIEW

Fed. R. Civ. P. 37(b)(2)(A) provides, in part:

> "If a ... party . . . fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a), the court where the action is pending may issue further just orders. They may include the following: ... (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence . . . [or] (v) dismissing the action in whole or in part . . . .

Fed. R. Civ. P. 37(b)(2)(A).

## ARGUMENT

A.   Plaintiff Should Be Sanctioned Pursuant to Fed. R. Civ. P. 37(b)(2)(A).

The First Circuit has recently affirmed that:

> District courts' authority to dismiss an action as a sanction for noncompliance with a discovery order is well established. *E.g., Benitez-Garcia v. Gonzalez-Vega,* 468 F.3d 1, 4 (1st Cir.2006); *see also* Fed.R.Civ.P. 37(b)(2)(A)(v). Although dismissal of a case may at times be a harsh sanction, we have routinely recognized that it is an essential tool for district courts' effective exercise of their "right to establish orderly processes and manage their own affairs." *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir.2003).

*Vallejo v. Santini-Padilla,* 607 F.3d 1, 7 -8 (1st Cir. 2010).   Determination of an appropriate sanction is a fact-specific inquiry and the First Circuit applies a non-exhaustive list of factors in reviewing whether a sanction imposed under Rule 37 is within a district court's discretion:

> [R]elevant substantive factors include "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." *Robson,* 81 F.3d at 2. Pertinent procedural considerations include "whether the offending party was given sufficient notice and opportunity to explain its noncompliance or argue for a lesser penalty." *Malloy,* 512 F.3d at 26.

*Vallejo,* 607 F.3d at 8.  See also, *Benitez-Garcia v. Gonzalez-Vega,* 468 F.3d 1, 5 (1st Cir. 2006).

Here, plaintiff's apparently willful refusal to comply with the Court's order compelling him to respond to the individual defendants' discovery requests merits sanction.  This is particularly true in light of the prejudice that has and will inure to defendants given the January 21, 2011 deadline for filing of motions for summary judgment and plaintiff's history – both as a pro se litigant and when represented by counsel – of disregarding orders of this Court, the applicable Rules of Civil Procedure and his own representations.  Therefore, defendants request that the Court sanction plaintiff by dismissing this action as against the individual defendants or, in the alternative, that it preclude plaintiff from offering any evidence in opposition to defendants' motion for summary judgment that falls within the scope of the individual defendants' discovery requests.

1. <u>Plaintiff Has Refused to Comply With the Court's Order Allowing Defendants' Motion to Compel</u>.

As set forth above, following defendants' unopposed motion to compel, plaintiff was ordered to respond to defendants' interrogatories and requests for production of documents no later than December 28, 2010.  See Electronic Order, December 19, 2010.  On December 28, 2010, defendants were served with a single document styled "Documents Produced."  No documents were attached to this document.[2]  The document itself is not compliant with either Federal Rule of Civil Procedure 34 or Local Rule 34.1 and does not indicate to which defendant it is addressed.  It does, however, contain what appear to be inadmissible comments by plaintiff's counsel.  See Exhibit B.  Plaintiff's evasive and/or incomplete response to defendants' requests for production of documents must be treated as a failure to respond.  See Fed. R. Civ. P. 37(a)(4).  Plaintiff has not served answers to interrogatories upon defendants.

---

[2] It should be noted that on December 28, 2010, plaintiff's counsel also indicated that he was in possession of certain (but not all) responsive documents within plaintiff's control and inquired as to defendants' preferred means of delivery.  On January 3, 2010, defendants' counsel responded that any proper responses to defendants' requests for production of documents should be served forthwith.  See Email Correspondence, attached hereto as Exhibit C.

Plaintiff has taken the position, as late as December 28, 2010, that he is not required to respond to defendants' discovery requests either because he has already responded to discovery propounded by the defendant municipality or because defendants have not responded to discovery that was the subject of an order to stay discovery and which was subsequently withdrawn.  As set forth in Defendants' Opposition to Plaintiff's Motion to Compel, attached hereto (without exhibits) as Exhibit D, which is incorporated herein by reference, plaintiff's position is without merit and appears disingenuous in light of the representations made at the August 25, 2010 status conference.  Moreover, plaintiff is not free to choose the orders of this Court with which he will comply.  Plaintiff's willful refusal to comply with this Court's discovery order merits sanction, without more.

2.     Plaintiff Has Shown a Pattern of Disregard for the Orders of This Court, His Obligations Under the Federal Rules of Civil Procedure, and his Own Representations.

Defendants and this Court have been presented from the outset with a moving target in plaintiff's conduct of his case.  Most recently, in disregard of this Court's Further Revised Scheduling Order, plaintiff filed a further amended complaint without having moved for or received prior leave of the Court to do so and without having conducted a Local Rule 7.1 conference.

This is particularly significant, because as the Court noted in its order striking the further amended complaint, the Court's purpose in recently allowing plaintiff to seek to amend his complaint was to narrow the issues in this case.  See Electronic Order, September 14, 2010.  At the August 25, 2010 status conference, the Court and counsel for both parties discussed the time required for discovery with respect to the claims against the individual defendants contained in plaintiff's 22 count second amended complaint.  Plaintiff stated his intention to move to further

amend his complaint to narrow his claims. On the basis of this representation, the Court entered the Further Revised Scheduling Order, which sets forth an otherwise expedited discovery schedule with respect to plaintiff's claims as against the individual defendants. Therefore, through this conduct, plaintiff had already prejudiced the individual defendants by placing them in the position of having three months to conduct full discovery with respect to his prolix and often impenetrable twenty-two count second amended complaint.

It should also be noted that in contravention of the intent of the plaintiff as expressed to the Court at the August 25, 2010 status conference, the amended complaint improperly filed on September 8, 2010 contained 19 counts alleging a variety of constitutional and common law claims. It differed from the operative second amended complaint primarily in that it contained re-stated factual allegations and omitted three claims contained in the operative complaint, Counts VII, XI and XII. See Docket No. 92. Therefore, it appears that it was never plaintiff's intent to voluntarily narrow his claims, as represented to the Court.

While pro se, plaintiff also engaged in motion practice that wasted the Court's resources and put defendants to significant undue delay and expense. On November 19, 2009, plaintiff filed his first opposed motion for leave to file an amended complaint to add a claim for malicious prosecution. That motion was denied on December 2, 2009 for failure to attach a proposed second amended complaint and for failure to articulate whether the proposed claim would be brought pursuant to 42 U.S.C. §1983 or as a common law claim.

On December 16, 2009, plaintiff filed a second motion to amend to add new parties. That motion was denied on December 17, 2009 for failure to comply to comply with Local Rule 15.1. On February 22, 2010, plaintiff filed a third motion to amend to add new parties. Plaintiff was allowed to withdraw that motion on March 5, 2010. Thereafter, plaintiff filed what became

a morass of intertwined purported motions to amend that severely prejudiced defendants' ability to respond and which were not compliant with Local Rule 15.1.  See Docket Nos. 53-60, 62-69. Amongst these, Document No. 53, which was filed on March 11, 2010, <u>three days</u> after service upon the proposed additional defendants pursuant to Local Rule 15.1, was allowed.   See Electronic Order, March 31, 2010.  In allowing plaintiff's motion, the Court stated:

> Magistrate Judge Kenneth P. Neiman: ELECTRONIC ORDER entered granting [53] Plaintiff's Motion to Amend Complaint as well as [60] Plaintiff's Motion for Extension of Time. However, the court hereby vacates the following documents because they have been inaccurately deemed Motions to Amend: Document Nos. 55, 56, 62, and 64. <u>As best the court can tell, its allowance of Plaintiff's motion to amend results in the document docketed as No. 68, but not yet scanned, to serve as Plaintiff's Amended Complaint;</u> that complaint adds "auxiliary" facts, several party defendants, and a count of malicious (sic) prosecution. The Clerk shall scan that document and label it the Amended Complaint. Defendants shall respond accordingly. This ruling is without prejudice to Defendant John Barrett seeking to have the court reconsider its allowance of Plaintiff's request to amend. So ordered. (Neiman, Kenneth)

Electronic Order, March 31, 2010 (emphasis added).

However, following the Court's order, which *inter alia* added the individual defendants, no summons was sought by plaintiff and, in contravention of Rule 4, the individual defendants have never received service of process.   See Fed. R. Civ. P. 4; Fed. R. Civ. P. 4 advisory committee's note 1993 ("unless service of the summons is waived, a summons must be served whenever a person is joined as a party against whom a claim is made"); *United States v. Elmes,* 532 F. 3rd, 1138, 1144 (11th Cir. 2008); *Williams v. Advertising Sex, LLC,* 231 F.R.D. 483, 485 (N.D.W.V. 2005).  As a result of this failure and as argued in defendants' motion for a protective order and pled in the individual defendants' answer, the Court does not have personal jurisdiction over the individual defendants. See Docket Nos. 74, 80.  See also, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 350 (1999); *Omni Capital Int'l, Ltd. v. Rudolf*

*Wolff & Co.*, 484 U.S. 97, 104 (1987); *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 307 F.Supp.2d 190, 195 (D.Mass. 2004); *Davis v. Mara,* 587 F.Supp.2d 422, 427 (D.Conn. 2008).

Plaintiff has also repeatedly engaged in conduct that has simply wasted both the Court's and defendants' resources.  For example, following allowance, in part, of plaintiff's opposed motion to serve additional interrogatories, plaintiff failed to actually serve the allowed additional interrogatories.  See Docket Nos. 45-46; Electronic Order February 11, 2010.

Plaintiff also served purported depositions by written questions that were not compliant with Rule 31 and which were never acted upon.  Counsel for defendants initially received a certificate of service indicating that these had been sent to the individual defendants directly and wrote to plaintiff to request that they be served on counsel and that plaintiff have no further direct contact with defendants.  See Letter from David S. Lawless, Esq. to Derrick Altman, June 10, 2010, attached hereto as Exhibit E.  Plaintiff's apparent response to this request was his "Discovery Motion Pending" which appeared to level unfounded accusations against defendants' counsel but was otherwise completely opaque.  See Docket No. 82.  This motion was denied, "To the extent this can be deemed a motion, it is denied insofar as its intent and the relief sought are unclear."  Electronic Order, June 17, 2010.  Ultimately, while defendants were served, through counsel, with plaintiff's purported depositions by written questions, plaintiff failed to comply with the procedural requirements of Rule 31 and the depositions never took place.  See Fed. R. Civ. P. 31(b), (c).

At various times, plaintiff has also bombarded the Court and defendants with an undifferentiated mass of purported affidavits, unsworn statements, legal arguments and documents such that the Court's resources have been wasted and defendants put to undue

expense and potential prejudice in that the nature and import of many of these offerings is entirely unclear.  See, e.g., Docket Nos. 11, 34, 42, 44, 50, 84.

It must also be noted that on July 22, 2010, plaintiff appeared for a scheduling conference with his current counsel.  Counsel submitted an appearance form but it quickly emerged, through questioning by the Court, that counsel had not been admitted to practice before the Court.  The matter was then continued for over a month, until August 25, 2010, so that counsel could take part in the August 17, 2010 admissions ceremony.  See Electronic Clerk's Notes, July 22, 2010.

Plaintiff's pattern of conduct, which alternates between willful and blithe disregard for the Court, the orderly progress of this matter, his obligations and defendants' rights to procedural due process should not be countenanced, especially in light of his current intentional refusal to comply with this Court's discovery order.

3.    <u>Defendants Are Severely Prejudiced in Their Ability to Prepare Their Motion for Summary Judgment.</u>

As set forth above, defendants' motion for summary judgment is due to be filed on January 21, 2011.  The Further Revised Scheduling Order provides that no extensions shall be given and further delay would merely add to the prejudice suffered by defendants by further increasing the completely unwarranted expense associated with defending this matter to date. Plaintiff has already succeeded in placing the individual defendants in the position of having to conduct expedited discovery through his disregard of this Court's Further Revised Scheduling Order and the representations he made in open court.  He has compounded the prejudice flowing from this apparent gamesmanship by refusing to respond to defendants' discovery requests, even in the face of the Court's discovery order.  Defendants submit that the appropriate sanction is to dismiss plaintiff's claims as against the individual defendants and/or to preclude plaintiff from

introducing any evidence in opposition to defendants' motion for summary judgment that falls within the scope of the individual defendants' discovery requests.

4.     Defendants Request Their Reasonable Attorney's Fees and Costs.

Defendants also respectfully request that the Court award them attorney's fees and costs incurred in preparing both the instant motion and defendants' earlier motions to compel. See Fed. R. Civ. P. 37(b)(2)(C); *Demary v. Yamaha Motor Corp. U.S.A.*, 125 F.R.D. 20, 21-22 (D.Mass. 1989). Defendants have been put to extraordinary and needless expense in attempting to hold plaintiff to his discovery obligations.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that on January 3, 2011, pursuant to Local Rule 7.1, I wrote to plaintiff's counsel, via email, to request a discovery conference regarding the instant motion. See Exhibit C. In that email, I indicated the need to resolve the issues that form the subject matter of the instant motion immediately based upon the pending summary judgment deadline and requested that he contact me before the close of business. As of the filing of this motion, I have not had a response to my request.

By */s/ David S. Lawless, Esq.*

## CONCLUSION

WHEREFORE, for the foregoing reasons, the instant motion should be allowed.

Respectfully submitted,

THE DEFENDANTS,
NORTH ADAMS POLICE
DEPARTMENT, PATROLMAN ERIK A.
THOMAS IN HIS INDIVIDUAL AND

OFFICIAL CAPACITIES, PATROLMAN,
MARK BAILEY IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES,
SUPERVISOR, STEVEN DEANE IN HIS
INDIVIDUAL AND OFFICIAL
CAPACITIES, DIRECTOR OF POLICE
SERVICE IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, MICHAEL
COZZAGLIO, COMMISSIONER OF
PUBLIC SAFETY, E. JOHN MOROCCO
IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES AND MAYOR JOHN
BARRETT 3RD, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES


By_____*/s/ David S. Lawless, Esq.*_____
David S. Lawless, Esq. of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 452-0270
BBO No.: 664754
dlawless@robinson-donovan.com


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 5th day of January, 2011.


_____*/s/ David S. Lawless, Esq.*_____
David S. Lawless, Esq.