```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
```

DERRICK ALTMAN,              )
            Plaintiff       )
                             )
        v.                   )   C.A. No. 08-cv-30126-MAP
                             )
NORTH ADAMS POLICE           )
DEPARTMENT, ET AL.,          )
            Defendants       )


            MEMORANDUM AND ORDER REGARDING
        DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
        DEFENDANTS' MOTION FOR ATTORNEYS' FEES, AND
        PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME
                  (Dkt. Nos. 101, 105, & 109)

                        March 17, 2011

PONSOR, D.J.

   Plaintiff Derrick Altman was arrested on April 12, 2008, and charged with failure to register as a sex offender and possession of a controlled substance.  On June 12, 2008, he filed this action pro se alleging, inter alia, false arrest and violation of the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11I.  This court allowed Defendants' motion to stay pending the outcome of the criminal prosecution.

   On August 18, 2009, Plaintiff successfully moved to suppress the evidence against him in the criminal

proceeding. Three months later, this case was reopened. At a status conference on August 25, 2010, Magistrate Judge Neiman issued a revised scheduling order allowing Plaintiff -- now represented by counsel -- to file a motion to further amend his complaint by September 8, 2010. Judge Neiman's order also required all written discovery to be served by October 8 and established dates for the filing of dispositive motions. Significantly, the order stated that "[t]here shall be no further extensions." (Dkt. No. 91.)

In response to the order, Plaintiff's counsel failed to file a motion to amend the complaint, but simply filed the new complaint itself. Worse, he failed to accompany the pleading with a certification that he had consulted with opposing counsel before filing it. On September 14, Judge Neiman struck Plaintiff's amended complaint for failure to comply with the Local Rules.

On October 8, 2010, Defendants served discovery requests on Plaintiff. Receiving no adequate response, Defendants filed a motion to compel on December 3, which was unopposed and which the court allowed. The court ordered Plaintiff to respond by December 28, at which time Plaintiff

sent Defendants a form titled "Documents Produced" containing no documents.

Discovery closed on December 30, and Defendants moved for sanctions shortly thereafter, based on Plaintiff's failure to comply with the order to produce discovery. On January 28, 2011, Judge Neiman granted in part Defendants' motion for sanctions (which was, again, unopposed) and issued an order stating that (1) Plaintiff was precluded from introducing any evidence in opposition to Defendants' motion for summary judgment unless he could demonstrate that the particular evidence had been produced to Defendants previously; and (2) Defendants could file a motion for attorneys' fees by February 11, to which Plaintiff would respond by February 25.

On February 11, 2011, Defendants timely filed a motion for summary judgment (Dkt. No. 101) and a motion for attorneys' fees (Dkt. No. 105). Plaintiff did not oppose these motions, but instead filed a motion for an extension of time and for further discovery (Dkt. No. 109) on the afternoon of February 25 -- the very date the oppositions were due. This motion was, again, unaccompanied by the

required certification stating that Plaintiff had conferred with opposing counsel before filing the motion. See Local Rule 7.1.

The explanations offered by Plaintiff's counsel in his motion and in court were wholly inadequate to excuse the repeated failures outlined above.[1] Consequently, the court hereby ALLOWS Defendants' Motion for Summary Judgment (Dkt. No. 101) as unopposed.[2] The court hereby DENIES Plaintiff's Motion for an Extension of Time (Dkt. No. 109) as untimely, lacking proper certification, and lacking adequate reasons in support. Defendants' Motion for Attorneys' Fees (Dkt. No. 105) is hereby DENIED, on the ground that the expense to Defendants was not substantial and Plaintiff's counsel's floundering was based on inexperience and not bad faith.

---

[1] Plaintiff's counsel attributed these failures to attorney-client problems, difficulty using the court's electronic filing system, personal trips overseas, personal sickness, and a general unfamiliarity with the federal courts.

[2] Because of the egregiousness of Plaintiff's many failures to comply with the Local Rules and file timely responses, it is not necessary to address the merits of Defendants' motion. It should be observed, however, that the undisputed facts make it highly unlikely that the amended complaint would have survived substantive analysis in any event.

Counsel is admonished, however, that in the future he should be more diligent in complying with his responsibilities under the Local Rules if he is to practice in this court. The clerk will enter judgment for Defendants. The case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor  
MICHAEL A. PONSOR  
U. S. District Judge